**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

James Keefer,

       Plaintiff,

v.

U.S. Bank National Association,

       Defendant.

No. CV-26-08035-PCT-JJT

**ORDER**

Before the Court is Defendant U.S. Bank National Association's Notice of Suggestion of Bankruptcy (Doc. 10). While entitled a notice, the Court construes it as a motion and requires briefing in accordance with Local Rule 7.2. However, briefing on this Notice, as well as Defendant's responsive pleading deadline, will be suspended until the Court is satisfied that this District is the proper venue for this matter.

According to 28 U.S.C. § 1391(b), a civil action may be brought in the judicial district in which the defendant resides, a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property underlying the action is situated. If there is no judicial district that conforms to those categories, then a civil action may be brought in the judicial district that maintains personal jurisdiction over the defendant. *Id*. District courts may dismiss a complaint for improper venue *sua sponte* any time before the defendant files a responsive pleading. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Zhu v. Whinery*, 109 F. App'x 137, 138 (9th Cir. 2004).

. . .

The record indicates that Defendant is a Minnesota citizen (Doc. 1 ¶ 4), Plaintiff is an Oregon citizen (Doc. 1-1 at 3), and Plaintiff's claims arise from Defendant's alleged mishandling of fees charged to Plaintiff's bank account (*id*.). There is no apparent connection to Arizona for the purposes of establishing venue under § 1391(b). Accordingly, Plaintiff shall show cause why this matter should not be dismissed for improper venue. If cause is shown, the Court will set a briefing schedule for the Notice of Suggestion of Bankruptcy and a deadline by which Defendant shall file a responsive pleading to Plaintiff's Complaint.

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any other Order of the Court entered in this matter, Plaintiff's Complaint and this action may also be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court may dismiss an action for failure to comply with any order of the court), *cert denied*, 506 U.S. 915 (1992). Therefore, Plaintiff is warned that failure to strictly adhere to the provisions of this or any other Court Order may result in dismissal of the Plaintiff's Complaint pursuant to Rule 41. The Court also advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

**IT IS HEREBY ORDERED** that, no later than **March 12, 2026**, Plaintiff shall show cause as to why this matter should not be dismissed for improper venue. Cause shall be presented in a written brief not to exceed seventeen (17) pages. No responsive memoranda are permitted.

. . .

. . .

. . .

. . .

. . .

- 2 -

**IT IS FURTHER ORDERED** that the deadlines for briefing on the Notice of Suggestion of Bankruptcy (Doc. 10) and filing a responsive pleading to Plaintiff's Complaint (Doc. 1) are suspended until further Order of the Court.

Dated this 26th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge